UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Guangzhou Haoqian Trading Co., Ltd<br><br>*Plaintiff,*<br><br>v.<br><br>Amy Harlow and Wagwear, LLC<br><br>*Defendants.* | **CASE NO.** 1:25-cv-00638 (MAD/DJS)<br><br>**Jury Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiff Guangzhou Haoqian Trading Co., Ltd, d/b/a Zealting ("Zealting" or "Plaintiff"), against Defendants Amy Harlow and Wagwear, LLC (collectively as "Defendants"), claim for patent non-infringement of certain Pet Boot Products, and invalidity against U.S. Patent No. D938,102 ("'102 Patent"), and U.S. Patent No. D917,796 ("'796 Patent," collectively with '102 Patent as "Patents-in-Suit"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

**NATURE OF THE ACTION**

1. This court has original jurisdiction over the subject matter of this action pursuant to the Patent Act, 35 U.S.C.§§ 101, 102, 103 et seq., pursuant to 28 U.S.C.§§ 1331, 1332(a) and (c), 1338(a). Defendants' actions have caused and continue to cause significant harm to Plaintiff as the Pet Boot Products have been removed from Amazon through the enforcement of the Patents-in-Suit.

1

2. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Plaintiff has not infringed the Patents-in-Suit and the Patents-in-Suit are invalid.

## PARTIES

3. Plaintiff **Guangzhou Haoqian Trading Co., Ltd**, is a foreign company organized under the laws of the People's Republic of China, with its principal place of business in Guangzhou, China. Plaintiff sells Pet Boot Products on Amazon under the name "Zealting."

4. Upon information and belief, Defendant Amy Harlow is an individual residing at 111 Jones Quarry Rd., Woodstock, NY 12498. Harlow is listed as the inventor and applicant for the Patents-in-Suit.

5. Upon information and belief, Defendant Wagwear, LLC is a New York limited liability company with a principal address at 111 Jones Quarry Rd., Woodstock, NY 12498.

6. Upon information and belief, Wagwear, LLC was founded by Amy Harlow to offer pet boot products, and authorized by Amy Harlow to enforce the Patents-in-Suit.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367(a)

8. An actual case or controversy exists between the parties to this action. Defendants filed the patent infringement complaint to Amazon which resulted in the removal of Plaintiff's products on Amazon and caused significant financial loss. Defendants' actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

9.  Venue exist in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendants because Defendants reside in this District and this Court has general jurisdiction over Defendants.

## THE PLAINTIFF'S PET BOOT PRODUCTS

10. Plaintiff sells pet accessories on Amazon, including Pet Boot Products. Plaintiff's Pet Boot Products are well-established on Amazon and enjoy quality customer reviews.

11. In May 2025, Plaintiff received a notification from Amazon. *See* Exhibit A. This notice informed Plaintiff that Amazon removed its listings, ASIN Nos. B0DB62Y3D1, B0DB5Z1Q3J, B0DB5Z7B7H, B0DB5ZG5T6, B0DB5ZJ6M6, B0DB5ZNDJL, B0DB61LMM1, B0DB61P48S, B0DB61WN5Y, B0DB61XXDQ, B0DB62YWM5, B0DKXCB4QS, B0DKXCJKG4, B0DKXCL9MX, B0DKXFS6G2, B0DKXGMTX5, B0DMWD3ZKM, B0DMWDQCVD, B0DMWDS38Z, B0DMWF2FXT, B0DMWFC48X, B0DMWHH9ZB, B0DPKDRY2L, B0DPKFKT9D, B0DPKG1WT8, B0DXCR7KGQ, B0DXCRN88Y, B0DXCRS7GY, B0DXCRVG7V, B0DXCRX2VH, B0DXCS7J4S, B0DXCSKCLX, B0DXCSLF23, B0DXCSS7ZV, B0DXCT1M3X, B0DXCT1XTX, B0DXCTCMM8, B0DXCTXG99, B0DXCTZXLQ, B0DXCV39HJ, and B0DXCV3XQC ("Plaintiff's Pet Boot Products"), because of Defendants' alleged infringement of the Patents-in-Suit. Amazon also provided the Rights owner's name as Wagwear, LLC. *Id*. On the same day, Plaintiff's Pet Boot Products were removed by Amazon because of Defendants' infringement complaint.

12. The Amazon marketplace constitutes Plaintiff' primary sales channel into the United States. To remain competitive in the United States market for Pet Boot Products, Plaintiff need their products listed in the Amazon marketplace. Amazon has removed Plaintiff' Pet Boot Products from the marketplace, preventing Plaintiff from accessing their largest channel of trade

3

because of Defendants' infringement reports. Thus, Defendants' submission of Amazon infringement reports has caused and continues to cause immediate and irreparable harm to Plaintiff.

## DEFENDANT AND THE PATENTS-IN-SUIT

13. The face of the '102 Patent lists Defendant Amy Harlow as the applicant and inventor of patent. A true and correct copy of the '102 Patent is attached hereto as Exhibit B. The perspective view of the '102 Patent is shown as below:



14. The '102 Patent is entitled "Pet Boot" and was filed on March 12, 2021, and issued on December 7, 2021.

15. The face of the '796 Patent lists Defendant Amy Harlow as the applicant and inventor of patent. A true and correct copy of the '796 Patent is attached hereto as Exhibit C. The perspective view of the '796 Patent is shown as below:



16. The '796 Patent is entitled "Pet Boot" and was filed on December 27, 2017, and issued on April 27, 2021.

17. The designs claimed in the Patents-in-Suit are not novel. Prior to the filing dates of the patents, substantially similar designs were publicly available.

18. Defendants' baseless infringement reports to Amazon against Plaintiff have caused and continues to cause significant damages to Plaintiff' business, especially in this peak season, and there is an imminent threat that the Plaintiff's Amazon selling accounts could be deactivated at any time.

19. As one of the world's largest online retailer, Amazon plays a crucial role in facilitating small business operations, making it important to address the Defendants' exploitative behavior. Defendants' ongoing inequitable conduct should be restrained to prevent further irreparable harm to Plaintiff.

**COUNT I**
**(Declaration Judgment of Invalidity of U.S. Patent, No. D917,796)**

20. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

21. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

22. There exists an actual and justiciable controversy between Plaintiff and Defendants with respect to the alleged validity of the '796 Patent due to the assertion of the '796 Patent against the Plaintiff's Pet Boot Products.

23. The substantially similar Pet Boot Products have been publicly available on the Market as early as 2011.

24. Lewis Dog Boots have been sold in the United States since at least 1949[1]. Customer reviews confirm that the products were available on the market as early as July 19, 2011[2]. The design of the Lewis Dog Boots is substantially similar to the design claimed in the '796 Patent, as illustrated below:



| Lewis Dog Boots | Claimed Design of the '796 Patent |
|---|---|

---

[1] The link for the Levis Dog Boots is available in http://lewisdogboot.com/ (Last viewed date: May 18, 2025, 2025).
[2] The link for the reviews is available in https://myaccount.gundogsupply.com/mod_productReviews/displayProductReviews.php?productId=lewis-vented-dog-boots-set-of-4&page=5 (Last viewed date: May 18, 2025, 2025).

25. A YouTube video named "How to boot your dog and install Lewis Dog Boots with Double Aero Guides" dated on March 30, 2015[3], also shows the design of the Lewis Dog Boots.



26. Another dog wellies, which have been available on the market at least since September 8, 2015[4], also discloses identical or at least substantially similar design to the claimed design of the '796 Patent, as shown below:

| Dog wellies | Claimed Design of the '796 Patent |
|---|---|
|  | FIG. 3 |

---

[3] The YouTube video is available in https://www.youtube.com/watch?v=4QwImJVfDlI (Last viewed date: May 18, 2025, 2025).

[4] The link for the dog wellies is available in
https://web.archive.org/web/20150908003938/https://doggiestylestore.com/black-dog-wellies/ (Last viewed date: May 18, 2025).

27. As shown above, the design of the '796 Patent is identical or at least substantially similar to the prior arts disclosed in years before 2017.

28. Therefore, the '796 Patent is invalid under 35 U.S.C.A. §§ 102 and 103.

29. Defendants' baseless infringement reports to the Amazon platform against Plaintiff have caused imminent and real threat of an infringement lawsuit.

30. In the view of the foregoing, Plaintiff is entitled to a judgment declaring that the '796 Patent is invalid under at least 35 U.S.C. §§ 102 and/or 103.

## COUNT II
### (Declaration Judgment of Invalidity of U.S. Patent, No. D938,102)

31. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

32. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

33. There exists an actual and justiciable controversy between Plaintiff and Defendants with respect to the alleged validity of the '102 Patent due to the assertion of the '102 Patent against the Plaintiff's Pet Boot Products.

34. The substantially similar Pet Boot Products have been on sale, patented or in public use before the '102 Patent's filing date.

35. As shown above, both the Lewis Dog Boots and the dog wellies disclose designs that are substantially similar to the design claimed in the '102 Patent. Notably, the Lewis Dog Boots also feature ventilation holes, similar to those depicted in the claimed design.



36. Additionally, Crocs, Inc. is well known for incorporating ventilation hole designs into its footwear.



37. It would have been obvious to a person of ordinary skill in the art to apply Crocs' ventilation hole design to dog boots.

38. In fact, Crocs, Inc. has also produced dog boots featuring a similar design, as shown below.

9



39. A Chinese Patent No. 303351063, which was issued on August 26, 2015, also discloses a dog boot with ventilation holes. A true and correct copy of the Chinese Patent is attached hereto as Exhibit D.



40. Therefore, the '102 Patent is invalid under 35 U.S.C.A. §§ 102 and/or 103.

41. In the view of the foregoing, Plaintiff is entitled to a judgment declaring that the '102 Patent is invalid and unenforceable under at least 35 U.S.C. §§ 102 and 103.

**COUNT III**
**(Declaration Judgment of Non-infringement of U.S. Patent, No. D917,796)**

42. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

43. There exists an actual and justiciable controversy between Plaintiff and Defendants with respect to the alleged infringement of the '796 Patent against the Plaintiff's Pet Boot Products.

44. Plaintiff's Pet Boot Products do not infringe the '796 Patent since an "ordinary observer", familiar with the prior arts, would not be confused so as to purchase one thinking it to be the other. As shown below, Plaintiff's Pet Boot Products feature multiple evenly spaced ventilation holes throughout the upper surface, while the claimed design of the '796 Patent has a smooth, solid upper with no perforations or similar pattern. Further, Plaintiff's Pet Boot Products show a textured outsole with visible perforations and tread patterns, in contrast to the '796 Patent's simple, untextured outsole lacking any tread or surface patterning.



| The '796 Patent | Plaintiff's Pet Boot Products |
|---|---|

45. Therefore, no ordinary observer would find that Plaintiff's Pet Boot Products are substantially similar to the claimed design of the '796 Patent.

11

46. Pursuant to the Declaratory Judgment Act, Plaintiff request a judicial determination and declaration that Plaintiff' Pet Boot Products do not infringe the '796 Patent.

## COUNT IV
**(Declaration Judgment of Non-infringement of U.S. Patent, No. D938,102)**

47. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

48. There exists an actual and justiciable controversy between Plaintiff and Defendants with respect to the alleged infringement of the '102 Patent against the Plaintiff's Pet Boot Products.

49. Plaintiff's Pet Boot Products do not infringe the '102 Patent since an "ordinary observer", familiar with the prior arts, would not be confused so as to purchase one thinking it to be the other. As shown below, Plaintiff's Pet Boot Products' sole wraps partially over the front, emphasizing the layered construction, while the claimed design of the '102 Patent has a smooth, continuous curve from toe to upper, and there is no visual separation between upper and sole at the front. Plaintiff's Pet Boot Products' the front silhouette is more structured, resembling a miniature Crocs-style shoe, while the '102 Patent gives an impression of a sock-like or slipper-style fit. Further, Plaintiff's Pet Boot Products outsole includes rectangular perforations and raised texture patterns for grip. This creates a distinctly utilitarian and rugged look, suggesting durability and outdoor use. In contrast, the '102 Patent shows a smooth and untextured sole, with no visible tread, perforation, or sculpting on the sidewalls. The overall impression of the claimed design of the '102 Patent clean and soft.

| The '102 Patent | Plaintiff's Pet Boot Products |
|---|---|
|  |  |

```

```



50. Therefore, no ordinary observer would find that Plaintiff's Pet Boot Products are substantially similar to the claimed design of the '102 Patent.

51. Pursuant to the Declaratory Judgment Act, Plaintiff request a judicial determination and declaration that Plaintiff' Pet Boot Products do not infringe the '102 Patent.

### COUNT V
**(Tortious Interference with Existing Business Relationships)**

52. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

53. Defendants' actions, as described herein, including baseless infringement claim to Amazon that Plaintiff's Pet Boot Products infringe upon its invalid Patent-in-Suit has harmed Plaintiff's selling relationship with Amazon by (a) effectively causing the imminent removal from Amazon of Plaintiff's listings, and (b) putting Plaintiff at risk of their Amazon stores being permanently closed as a result of legally false infringement complaint, and (c) hindering the continued sale and positive review of the Plaintiff's Pet Boot Products by Amazon customers so that, even if the listing were restored, it would be at a disadvantage to similar products offered by Plaintiff's competitors.

54. Defendants intended to harm and have irreparably harmed Plaintiff's reputation with Amazon by making these false statements to Amazon.

55. Plaintiff would lose valuable selling opportunities as a direct and proximate suffer, severe irreparable harm from which there is no adequate remedy at law.

56. Plaintiff is entitled to the imposition of a preliminary and permanent injunction against the Defendants, to restrain and enjoin it and its agents from further tortiously interfering with the Plaintiff's business relationship with Amazon.

57. Because of the foregoing, Plaintiff is entitled to an award of damages from Defendants in an amount to be determined at trial.

58. Defendants' aforesaid acts are of such wanton, willful and malicious nature, that Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial, in order to punish the Defendants and deter others similarly situated from committing such acts in the future.

59. By reason of the foregoing, Plaintiff is suffering and will continue to suffer irreparable harm, unless and until the Court directs the Defendants to withdraw its complaint to Amazon.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For judgment in favor of Plaintiff against Defendants on all claims.

2. Declaring that Defendant's U.S. Patent No. D938,102 registration is invalid.

3. Declaring that Defendant's U.S. Patent No. D917,796 registration is invalid.

4. Declaring that Plaintiff's Pet Boot Products do not infringe the U.S. Patent No. D938,102.

5. Declaring that Plaintiff's Pet Boot Products do not infringe the U.S. Patent No. D917,796.

6. Judgment that this case is exceptional and that the Defendants be ordered to pay all Plaintiff's costs and attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

7. Order that Defendants must immediately revoke any complaints of infringement of the U.S. Patent No. D938,102 and U.S. Patent No. D917,796 made to Amazon against Plaintiff's Pet Boot Products.

8. Enjoining Defendants temporarily, preliminarily, and permanently from making any future complaint regarding the U.S. Patent No. D938,102 and U.S. Patent No. D917,796 against Plaintiff's Pet Boot Products.

9. Ordering Defendants to return to the Court with proof of compliance of this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

10. Awarding Plaintiff damages due to Defendants' improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

11. Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

12. Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages.

13. Awarding pre- and post- judgment interest.

14. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

### Jury Trial Demand

Plaintiff hereby demands a jury trial on all issues so triable.

Date: May 19, 2025                           /s/ Wei Wang
                                             Wei Wang, Esq.

GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
wei.wang@glacier.law
(212) 729-5073
***Attorney for Plaintiff***